# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK KLEIN | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SOLOMON AND SOLOMON, P.C., | : | |
| and JULIE B. SOLOMON, ESQ. | : | |
| | : | |
| Defendants. | : | NOVEMBER 15, 2010 |

## COMPLAINT

Plaintiff, Jack Klein ("Plaintiff"), brings this action against defendants, Solomon and Solomon, P.C. ("Solomon and Solomon") and Julie B. Solomon, Esq. ("Julie Solomon") (collectively "Defendants") for violation of the Fair Debt Collections Practices Act, *15 USC § 1692 et seq* ("FDCPA"). Defendants violated multiple provisions of the FDCPA in an attempt to collect an alleged debt owed by the Plaintiff.

Plaintiff seeks to recover damages suffered as a result of such violations.

### JURISDICTION AND VENUE.

1. Federal jurisdiction is based upon the existence of a federal claim or controversy and is invoked under *15 U.S.C. § 1692k* and *28 U.S.C. § 1331*, without regard to jurisdictional amount or diversity of citizenship.

2. The jurisdiction of this Court may also be founded on diversity jurisdiction pursuant to *28 U.S.C. § 1332*, as Solomon and Solomon maintains its principal place of business in New York and Julie Solomon resides in New York while Plaintiff is a resident of the State of

Connecticut. Further, the amount in controversy, including the value of the injunctive relief requested, exclusive of interests and costs, exceeds $ 75,000.00.

3.   Venue in this Court is proper under *28 U.S.C. § 1391*, in that all defendants regularly conduct business in the District of Connecticut, all the events, occurrences, and property that are relevant to this case occurred and/or are located in this District.

## THE PARTIES.

4.   The Plaintiff, Jack Klein, a natural person over the age of 18, resides at 1763 South Britain Rd, Southbury, CT in the County of New Haven.

5.   The Defendant, Solomon and Solomon is a law firm registered as a professional corporation in the State of New York with offices and a place of business located at 5 Columbia Circle, PO Box 15109, Albany, NY 12212-5019. It maintains a Connecticut Juris Number (CTJuris # 421261) in this District and it regularly transacts business in Connecticut.

6.   Defendant, Julie Solomon (CTJuris # 423930) is an attorney employed by the Defendant Solomon and Solomon and maintains an address at 5 Columbia Circle, PO Box 15109, Albany, NY 12212-5019.

## STATEMENT OF FACTS.

7.   CitiMortgage, Inc., a New York corporation, claims that Plaintiff owes a debt secured by the property located at 1763 S Britain Rd, Southbury, CT. (the "Alleged Debt").

8.   The Alleged Debt was an obligation, or alleged obligation, to pay money for personal, family, and household purposes.

9.   Plaintiff is a natural person obligated or allegedly obligated to pay the Alleged Debt and is therefore a "consumer" as defined pursuant to *15 U.S.C. §1692a(3)*.

10. Solomon and Solomon has been the firm of record in connection with the collection of thousands of debt collection lawsuits during the last 10 years.

11. Solomon and Solomon regularly, directly or indirectly, collect, or attempt to collect debts owed, due, or asserted to be owed to another.

12. Solomon and Solomon is a "debt collector" under *15 U.S.C. §1692a(6)*.

13. Julie B. Solomon regularly collects or attempts to collect debts, directly or indirectly, owed or due or asserted to be owed or due another.

14. Julie Solomon is a "debt collector" under *15 U.S.C. §1692a(6)*.

15. At all times complained of herein, Solomon and Solomon was the firm of record for the lawsuit entitled, *CitiMortgage, Inc. v. Jack Klein,* UWY-CV-09-5015402S[1], initiated in the Waterbury Superior Court in the Judicial District of Waterbury and filed on October 9, 2009 (the "Action").

16. No individual attorney of the firm has filed an appearance in the Action lieu of, or in addition to that of Solomon and Solomon. All attorneys have used the firm's Juris number in their pleadings.

17. Solomon and Solomon employs many attorneys who are also debt collectors under *15 U.S.C. §1692a(6)* and is required to oversee the activities of the employees and attorneys it employs.

---

[1] Docket is attached as "Exhibit A"

18. Julie Solomon, at all times herein, acted within the scope of her employment and in furtherance of her employer's business.

19. Defendants made multiple false, deceptive, or misleading representations while conducting the Action.

20. Defendants brought action against Plaintiff to wrongfully collect the Alleged Debt.

21. Defendants used and continue to use unfair acts, deceptive practices, and wrongful means in attempts to collect the Alleged Debt.

22. Plaintiff does not base this action on whether he owes the Alleged Debt and/or whether the Defendant is the right party to collect. Rather, Plaintiff alleges that Defendants used unfair acts, deceptive practices, and wrongful methods and means prior to, and during, Defendants attempt to collect said alleged debt.

23. Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to his credit report and reputation, all as a direct and proximate result of Defendants' conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.


### CLAIM ONE - AS TO DEFENDANT JULIE SOLOMON, ESQ.

**Count One - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt.**

24. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-23, as if fully restated herein.

25. On, 9/28/2010, Julie Solomon filed a Request to Amend and Amendment, Motion to Amend Caption (Docket Entry No. 126.00) ("Request to Amend"). The Request to Amend is hereby incorporated herein as if fully restated herein.[2]

26.   In the Motion to Amend Caption, Julie Solomon stated that the proper plaintiff was Citibank, N.A. not CitiMortgage, Inc.

27. Julie Solomon made false and misleading representations regarding the identity of the debt collector in the Complaint, dated 10/09/2009 (the "Complaint"). The Complaint is hereby incorporated herein as if fully restated herein.[3]

28. Julie Solomon made further false and misleading representations in the Complaint.

29. Julie Solomon alleged in the Complaint that CitiMortgage, Inc. had "extended credit under a credit installment agreement" to Plaintiff prior to the commencement of the action to collect the Alleged Debt.

30. Plaintiff never entered into a credit installment agreement with CitiMortgage, Inc.

31. Julie Solomon alleged in the Complaint that CitiMortgage, Inc. is a National Banking Association.

32. CitiMortgage, Inc. is not a National Banking Association.

33. Julie Solomon's false and misleading representations were intentional as Julie Solomon knew that those representations in the Complaint were false.

---

[2] Attached as "Exhibit B".
[3] Attached as "Exhibit C".

34. Julie Solomon violated her duty pursuant to *15 U.S.C. §1692 et seq.* by failing to disclose that she had made false and misleading representations in the Complaint until 4/15/2010.

35. On 1/28/2010, Plaintiff filed a Request to Revise requesting that the Defendant correct the false statements. (Docket Entry No. 104.00) ("Request to Revise").

36. Julie Solomon did not respond to the Request to Revise within the 30 days required by the Connecticut Practice Book.

37. On 4/1/2010, Plaintiff filed a Motion to Compel (Docket Entry No. 112.00).

38. Julie Solomon did not correct such false allegations until three days after the court ordered her to comply with Plaintiff's Request to Revise. (Court Order, Docket Entry No. 112.10).

39. On 4/15/2010, Julie Solomon made false, deceptive, and misleading statements in the Revised Complaint (Docket Entry No. 115.00). The Revised Complaint is hereby incorporated herein as if fully restated herein.[4]

40. In the Revised Complaint, Julie Solomon claims that her client, CitiMortgage, Inc., is a National Banking Association. (*See* Paragraph 1 of Revised Complaint).

41. CitiMortgage, Inc. is not a National Banking Association. It is not listed on the Office of the Comptroller of the Currency's list of National Banks.

42. CitiMortgage, Inc. is a loan servicer.

---

[4] Attached as "Exhibit D".

43. Julie Solomon alleged in the Revised Complaint that Plaintiff "entered into a Promissory Note with Mortgage It, Inc." (*See* Paragraphs 3 and 4 of Revised Complaint).

44. Julie Solomon further alleged in the Revised Complaint that Mortgage It, Inc. later assigned said Promissory Note to CitiMortgage, Inc. (*see* Paragraphs 3 and 4 of Revised Complaint).

45. Julie Solomon deleted the false allegation that CitiMortgage, Inc. had "extended credit [to Plaintiff] under a credit installment agreement."

46. Julie Solomon also submitted an Affidavit of Debt that contained false, misleading, and contradictory information.  The Affidavit of Debt is hereby incorporated herein as if fully restated herein.[5]

47. Julie Solomon filed a Motion for Default seeking a default judgment against the Plaintiff on 12/11/2009 with the Affidavit of Debt in support of the Motion for Default by Courtney Beaver dated 8/31/2009.

48. Paragraph five of the Affidavit stated that CitiMortgage, Inc. had been retained to collect the debt. Paragraph six contradicted paragraph five, stating CitiMortgage, Inc. was the owner of the debt.

49. Julie Solomon made false, deceptive, and misleading statements related to the discovery sought by Plaintiff.

50. On 12/31/2009, Plaintiff's counsel filed Admissions, Interrogatories, and Requests for Production based on the representations in the Complaint.

---

[5] Attached as "Exhibit E".

51. Julie Solomon's 2/10/2010 responses to the Plaintiff's Interrogatories, Request for Production, and Admission also contained false, deceptive, and misleading representations. Each is hereby incorporated by reference as if fully recited herein.[6]

52. On 2/22/2010, the Court ordered Julie Solomon to respond to all discovery requests without any objection (Docket Entry No. 109.10).

53. On 4/05/10, Julie Solomon objected, despite the Court's Order, to Questions 18, and 19, and 22 in her Response to Interrogatories claiming that the questions were irrelevant. (Docket Entry No. 113.00).

54. Julie Solomon objected to those questions in a false, deceptive, or misleading effort to deprive the Plaintiff a meaningful and thorough discovery.

55. Julie Solomon did not have the authority to object under Connecticut Practice Book §13-7(a)(2) – §13(a)(4), §13-10(a), and, in relevant part, §13-10(b).

56. Julie Solomon failed to respond to all discovery requests and never fully complied with the Court Order.

57. On 4/5/2010, Julie Solomon filed a "Coversheet: Plaintiff's Response to the Defendant's Interrogatories", which is hereby incorporated by reference as if fully stated herein. (Docket Entry No. 113.00).[7]

58. In Section 1iii of the "Coversheet: Plaintiff's Response to Defendant's Interrogatories", Julie Solomon's client claimed that the only documents supporting, tending to support, contradicting, tending to contradict, or refuting its claim that it was the Owner of

---

[6] Docket Entry Nos. 107.00 & 108.00, attached as "Exhibit F".
[7] Attached as "Exhibit G".

Plaintiff's account that it knew existed, or previously existed, were the Promissory Note and Mortgage and the Assignment of the Mortgage.

59. That statement was false as other documentation exists that shows this fact.

60. Julie Solomon knew that additional records existed or had existed.

61. A failure to know the existence of such records would demonstrate a reckless disregard for the truth.

62. In either instance, Julie Solomon made misrepresentations to the court by submitting such a response.

63. Julie Solomon's representations were false, deceptive, and or misleading pursuant to *15 U.S.C. §1692e* and *§1692e(10)*.

64. The misrepresentations were self-serving responses intended to deprive the Plaintiff of discovery in violation of the Connecticut Practice Book and the Connecticut General Statutes §52-197.

65. Julie Solomon's wanton and intentional actions demonstrate a reckless disregard for the pain, hardship, and suffering caused by such unfair and deceptive debt collection practices.

66. Julie Solomon purposely uses unfair collection practices to deprive litigants of their property by using false and unfair representations, deceptive and/or wrongful means, and vexatious methods to increase the cost of litigation.

67. Julie Solomon's conduct represents her contribution to Solomon and Solomon's debt collection strategy.

68. Julie Solomon engaged in the use of an instrumentality of interstate commerce or through mailings in a business, the purpose of which was the collection or attempted collection of consumers debts owed or due or asserted to be owed.

69. Many of Julie Solomon's filings misrepresented the importance, cost, and purpose of the statements, giving a false impression of the character, amount, or legal status of the Alleged Debt in violation of *15 U.S.C. §§ 1692e*.

70. Julie Solomon's false representation of the character, amount, or legal status of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

71. Julie Solomon's false representations throughout her services rendered for the collection of the Alleged Debt violated *15 U.S.C. § 1692e(2)(A)*.

72. Julie Solomon violated *15 U.S.C. § 1692e(8)* by communicating or threatening to communicate credit information which was known, or which should have been known, to be false, including the failure to communicate that the Alleged Debt was disputed.

73. Julie Solomon violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that were falsely represented as documents authorized, issued, or approved by a court, official, or agency of the government to collect, or attempt to collect, the Alleged Debt.

74.  Julie Solomon violated *15 U.S.C. § 1692e(9)* by using and distributing written communications that created a false impression as to their source, authorization, and approval to collect, or attempt to collect, the Alleged Debt.

75. Julie Solomon violated *15 U.S.C. § 1692e(10)* by making false representations and using deceptive means to collect or attempt to collect the Alleged Debt and to obtain information concerning the Plaintiff.

76. Julie Solomon violated *15 U.S.C. § 1692e(14)* by using a business, company, or organization name other than the true name of the debt collector's business, company, or organization.

77. Julie Solomon violated *15 U.S.C. § 1692f* by using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

78. As a proximate result of Julie Solomon's conduct, Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to his credit report and reputation, all as a direct and proximate result of Julie Solomon's conduct and willful, wanton and intentionally reckless disregard for the Plaintiff's rights.

### CLAIM TWO - AS TO DEFENDANT SOLOMON AND SOLOMON.

**<u>Count One</u> - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt.**

79. Plaintiff realleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in all other paragraphs of this Complaint as if fully restated herein.

80. Solomon and Solomon is vicariously liable for any and all of the violations of *15 U.S.C. § 1692 et seq.* committed by its employees.

81. Solomon and Solomon has an oral or written agreement that authorizes it to represent CitiMortgage, Inc.

82. Solomon and Solomon authorizes its employees to execute affidavits pursuant to that agreement.

83. Employees of Solomon and Solomon submit such affidavits into court.

84. As a proximate cause of the representations by Solomon and Solomon and its employee, Julie Solomon, Plaintiff suffered and continues to suffer monetary damages.

85. Through its willful and intentional misconduct, Solomon and Solomon directly and proximately caused the Plaintiff humiliation, mental pain and anguish.

86. Through its willful and intentional misconduct, Solomon and Solomon directly and proximately caused damage to the Plaintiff's credit report and reputation.

## JURY DEMAND

87. The Plaintiff demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the following:

1.  Relief requested as to Defendant Julie Solomon:

    a.  Declare that Defendant, Julie Solomon, has engaged in conduct which constitutes unlawful practices under FDCPA;

b. All such relief as is available pursuant to *15 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

c. Monetary damages;

d. Statutory damages;

e. Interest and Costs;

f. Legal Fees;

g. Equitable Relief;

h. Judgment in his favor;

i. Such other relief as the Court deems fair, just, equitable and proper under the circumstances.

2. Relief requested as to Defendant Solomon and Solomon:

a. Declare that Defendant, Solomon and Solomon, has engaged in conduct which constitutes unlawful practices under FDCPA

b. All such relief as is available pursuant to *15 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

c. Monetary damages;

d. Statutory damages;

e. Interest and Costs;

    f.   Legal Fees;

    g.  Equitable Relief;

    h.  Judgment in his favor;

    i.   Such other relief as the Court deems fair, just, equitable and proper under the

       circumstances.

THE PLAINTIFF

_____/s/ J. Hanson Guest_____
By:  J. Hanson Guest Esq.
Counsel to Defendant
151 New Park Avenue
Hartford, CT 06106
(860) 231-6250 phone
(860) 231-6252 fax
No.: ct28167

Exhibit A

## State of Connecticut
# Judicial Branch

| E-Filing Home | E-File a New Case | My Shopping Cart(0) | Select Case | List My Cases | Party Search | Logout | Disclaimer |

**Attorney/Firm:** J GUEST(309938)  **E-Mail:** attrf@aol.com

**UWY-CV09-5015402-S   CITIMORTGAGE v. KLEIN,JACK**
**Prefix/Suffix:** [none]   **Case Type:** C40   **File Date:** 10/09/2009   **Return Date:** 11/03/2009

| Case Detail | Notices | History | Processing | Scheduled Court Dates | Attorney Help Manual |

Select Desired Case Activity: E-File an Appearance  [Go]

Data Updated as of: 11/13/2010

### Case Information
**Case Type:** C40 - CONTRACTS - COLLECTIONS
**Court Location:** WATERBURY
**List Type:**
**Trial List Claim:**
**Last Action Date:** 11/02/2010  (Last Action Date is a data entry date, not actual date)

### Disposition Information
**Disposition Date:**
**Disposition:**
**Judge or Magistrate:**

### Parties & Appearances

| Party Number | Plaintiff/Defendant | | No Fee Party |
|---|---|---|---|
| 01 | P | CITIMORTGAGE<br>Attorney: SOLOMON AND SOLOMON PC(421261)<br>P.O. BOX 15019<br>ALBANY, NY 12212 | Appear Date: 10/09/2009 |
| 50 | D | JACK KLEIN<br>Attorney: J HANSON GUEST(309938)<br>151 NEW PARK AVENUE<br>HARTFORD, CT 06106 | Appear Date: 12/14/2009 |

### Motions / Pleadings / Documents / Case Status

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | 10/09/2009 | P | SUMMONS | |
| | 10/09/2009 | P | COMPLAINT | |
| | 10/09/2009 | P | RETURN OF SERVICE | |
| | 12/14/2009 | D | APPEARANCE<br>Appearance | |
| | 02/16/2010 | | CLAIM/RECLAIM<br>Claim/Reclaim | |
| | 03/18/2010 | | CLAIM/RECLAIM<br>Claim/Reclaim | |
| | 05/06/2010 | | CLAIM/RECLAIM<br>Claim/Reclaim | |

| | | | | |
|---|---|---|---|---|
| 101.00 | 12/11/2009 | P | **MOTION FOR DEFAULT-FAILURE TO APPEAR AND JUDGMENT WITH ORDER OF PAYMENTS PB SECTION 17-23** 📄 <br> *RESULT*: Denied 12/28/2009 HON JOHN CRONAN, J | No |
| 101.10 | 12/28/2009 | Court | **ORDER** 📄 <br><br> *RESULT*: Denied 12/28/2009 HON JOHN CRONAN, J | No |
| 102.00 | 12/15/2009 | D | **MOTION - SEE FILE** 📄 <br> Motion to Plead Out of Order <br> *RESULT*: Granted 1/4/2010 HON ELIZABETH GALLAGHER, J | No |
| 102.10 | 01/04/2010 | Court | **ORDER** 📄 <br><br> *RESULT*: Granted 1/4/2010 HON ELIZABETH GALLAGHER, J | No |
| 103.00 | 12/31/2009 | D | **NOTICE OF SERVICE OF REQUEST FOR ADMISSION** 📄 <br> Defendant's Notice of Request for Admissions | No |
| 104.00 | 01/28/2010 | D | **REQUEST TO REVISE** 📄 | No |
| 105.00 | 02/04/2010 | D | **MOTION TO COMPEL** 📄 <br> *RESULT*: Denied 3/1/2010 HON BARBARA SHEEDY, J | No |
| 105.10 | 03/01/2010 | Court | **ORDER** 📄 <br><br> *RESULT*: Denied 3/1/2010 HON BARBARA SHEEDY, J | No |
| 106.00 | 02/05/2010 | D | **MOTION TO DETERMINE SUFFICIENCY OF DISCOVERY RESPONSES PB CHAPTER 13** 📄 <br> Motion to Determine Sufficiency of Admissions | No |
| 107.00 | 02/10/2010 | P | **REPLY** 📄 <br> Response to Request for Admissions | No |
| 108.00 | 02/10/2010 | P | **REPLY** 📄 <br> Response to Request for Production | No |
| 109.00 | 02/10/2010 | P | **OBJECTION TO MOTION** 📄 <br> Objection to Motion to Compel/Motion for Extension <br> *RESULT*: Order 2/22/2010 HON BARBARA SHEEDY, J | No |
| 109.10 | 02/22/2010 | Court | **ORDER** 📄 <br><br> *RESULT*: Order 2/22/2010 HON BARBARA SHEEDY, J | No |
| 110.00 | 03/26/2010 | D | **MOTION TO COMPEL** 📄 <br> Motion to Compel Response to Interrogatories <br> *RESULT*: Denied 4/5/2010 HON WILLIAM CREMINS, J | No |
| 110.10 | 04/05/2010 | Court | **ORDER** 📄 <br><br> *RESULT*: Denied 4/5/2010 HON WILLIAM CREMINS, J | No |
| 111.00 | 03/26/2010 | D | **MOTION TO COMPEL** 📄 <br> Failure To Comply w/ Order--Request for Production <br> *RESULT*: Denied 4/12/2010 HON WILLIAM CREMINS, J | No |
| 111.10 | 04/05/2010 | Court | **ORDER** 📄 <br><br> *RESULT*: Order 4/5/2010 HON WILLIAM CREMINS, J | No |
| 111.11 | 04/12/2010 | Court | **ORDER** 📄 <br><br> *RESULT*: Denied 4/12/2010 HON WILLIAM CREMINS, J | No |
| 112.00 | 04/01/2010 | D | **MOTION TO COMPEL** 📄 <br> MOTION TO COMPEL RESPONSES TO REQUEST TO REVISE <br> *RESULT*: Order 4/12/2010 HON WILLIAM CREMINS, J | No |

| 112.10 | 04/12/2010 | Court | ORDER | No |
| | | | RESULT: Order 4/12/2010 HON WILLIAM CREMINS, J | |
| 113.00 | 04/05/2010 | P | COVER SHEET | No |
| | | | Reply to Interrogatories | |
| 114.00 | 04/06/2010 | P | OBJECTION TO MOTION | No |
| | | | to Compel | |
| | | | RESULT: Order 4/12/2010 HON WILLIAM CREMINS, J | |
| 114.10 | 04/12/2010 | Court | ORDER | No |
| | | | RESULT: Order 4/12/2010 HON WILLIAM CREMINS, J | |
| 115.00 | 04/15/2010 | P | REVISED COMPLAINT | No |
| 116.00 | 04/26/2010 | D | MOTION FOR EXTENSION OF TIME | No |
| | | | To Respond to Entry No. 110.10 | |
| | | | RESULT: Granted 5/10/2010 HON WILLIAM CREMINS, J | |
| 116.10 | 05/10/2010 | Court | ORDER | No |
| | | | RESULT: Granted 5/10/2010 HON WILLIAM CREMINS, J | |
| 117.00 | 04/30/2010 | D | REQUEST | No |
| | | | Request for Extension of Time (re: Entry # 115.00) | |
| 118.00 | 07/01/2010 | D | NOTICE OF SERVICE OF REQUEST FOR ADMI SSION | No |
| | | | Admissions Dated July 1, 2010 | |
| 119.00 | 08/04/2010 | P | MOTION FOR PROTECTIVE ORDER | No |
| | | | RESULT: Denied 8/16/2010 HON SHEILA OZALIS, J | |
| 119.10 | 08/16/2010 | Court | ORDER | No |
| | | | RESULT: Order 8/16/2010 HON SHEILA OZALIS, J | |
| 120.00 | 08/26/2010 | P | MOTION FOR PROTECTIVE ORDER | No |
| | | | RESULT: Off 9/8/2010 HON BARBARA SHEEDY, J | |
| 120.05 | 09/08/2010 | Court | ORDER | No |
| | | | RESULT: Off 9/8/2010 HON BARBARA SHEEDY, J | |
| 121.00 | 08/26/2010 | P | WITHDRAWAL OF MOTION | No |
| 122.00 | 08/26/2010 | P | MOTION FOR PROTECTIVE ORDER | No |
| | | | RESULT: Granted 9/8/2010 HON BARBARA SHEEDY, J | |
| 122.10 | 09/08/2010 | Court | ORDER | No |
| | | | RESULT: Granted 9/8/2010 HON BARBARA SHEEDY, J | |
| 123.00 | 08/26/2010 | P | EXHIBITS | No |
| | | | EXHIBIT A | |
| 124.00 | 08/26/2010 | P | EXHIBITS | No |
| | | | EXHIBIT B | |
| 125.00 | 09/07/2010 | D | OBJECTION TO MOTION | No |
| | | | Obj To Motion for Protective Order | |
| 126.00 | 09/28/2010 | P | REQUEST TO AMEND AND AMENDMENT | No |
| | | | Motion to Amend Caption | |
| 127.00 | 09/28/2010 | D | MOTION FOR EXTENSION OF TIME | No |
| | | | Mot. Ext. Time to Reargue | |
| | | | RESULT: Denied 10/12/2010 HON BARBARA SHEEDY, J | |

| | | | | | |
|---|---|---|---|---|---|
| 127.10 | 10/12/2010 | Court | **ORDER** 📄 | | No |
| | | | *RESULT:* Denied 10/12/2010 HON BARBARA SHEEDY, J | | |
| 128.00 | 10/01/2010 | D | **REQUEST** 📄 | | No |
| | | | Req. for Ext. Time--Plntf's Mot. to Amend Caption | | |
| 129.00 | 10/07/2010 | D | **ANSWER AND SPECIAL DEFENSE AND COUNTERCLAIM** 📄 | | No |
| 130.00 | 10/22/2010 | D | **NOTICE** 📄 | | No |
| | | | Notice of Schedule | | |
| 131.00 | 10/29/2010 | D | **NOTICE** 📄 | | No |
| | | | Notice of First Interrogatories and Reqs. for Prod | | |
| 132.00 | 11/01/2010 | D | **OBJECTION** 📄 ❗NEW | | No |
| | | | Objection to Motion to Amend Caption | | |
| 133.00 | 11/02/2010 | D | **EXHIBITS** 📄 ❗NEW | | No |
| | | | Exhibits to Objection to Motion to Amend Caption | | |

| Individually Scheduled Court Dates as of 11/13/2010 | | | | |
|---|---|---|---|---|
| UWY-CV09-5015402-S - CITIMORTGAGE v. KLEIN,JACK | | | | |
| **#** | **Date** | **Time** | **Event Description** | **Status** |
| | | | No Events Scheduled | |

Note: Other court activity may be separately scheduled on short calendars. Individually scheduled events for the Regional Family Trial Docket in Middletown and Complex Litigation Dockets may not be included.

Periodic changes to terminology may be made which do not affect the status of the case.

**Disclaimer:** For civil and family cases statewide, case information is displayed and is available for inquiry on this website for a period of time, one year to a maximum period of ten years, after the disposition date. To the extent that Connecticut Practice Book Sections 7-10 and 7-11 provide for a shorter period of time, this information will be displayed for the shorter period. In accordance with the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

| | | |
|---|---|---|
| **Topic Search** | **Site Map** | **Contact Us** |

Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help | Search | Home

Common Legal Terms | Contact Us | Website Policies

Copyright © 2010, State of Connecticut Judicial Branch

Exhibit B

Solomon File 22087270

Return Date:

Docket Number:

```
*****************************************
CITIMORTGAGE, INC.                       *      SUPERIOR      COURT
                                         *      WATERBURY JUDICIAL
                              Plaintiff  *      DISTRICT
v.                                       *      08/06/09
                                         *
JACK KLEIN                               *
                                         *
                                         *
                                         *
                              Defendant  *
*****************************************
```

## COMPLAINT

1.  Plaintiff is A NATIONAL BANKING ASSOCIATION.

2.  Defendant(s) reside at: 1763 S BRITAIN RD
                            SOUTHBURY                 CT   06488

3.  That the Defendant(s) was extended credit under a credit installment agreement.

4.  Defendant(s) failed to make payments for the credit extended.  The total balance due is     $66636.89

## AS FOR A SECOND CAUSE OF ACTION

5.  That heretofore, Plaintiff rendered to Defendant(s) monthly, full and true accounts of the indebtedness owing by the Defendant(s) as a result of the credit extended, in an amount as hereinabove set forth which account statements were delivered to the Defendant(s) resulting in an account stated for the amount set forth above.

WHEREFORE, Plaintiff prays for the following relief:

1.  Money damages pursuant to the account stated    $66636.89
2.  Costs, disbursements and interest at the maximum post judgment rate
    allowed by law,
3.  Such other and further relief as the Court may deem just and equitable.

CITIMORTGAGE, INC.

by its attorney,

Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY   12203
Juris No 421261
(518) 456-7200

This is an attempt to collect a
debt.  Any information obtained
will be used for that purpose.
This communication is from a debt
collector.

Return Date:

Docket Number:

```
*****************************************
```
| | |
|---|---|
| CITIMORTGAGE, INC. | * SUPERIOR      COURT |
| | * WATERBURY JUDICIAL |
| Plaintiff | * DISTRICT |
| | * 08/06/09 |
| v. | * |
| | * |
| JACK KLEIN | * |
| | * |
| | * |
| | * |
| Defendant | * |

```
*****************************************
```

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is FIFTEEN THOUSAND DOLLARS or more, exclusive of interest and costs.

Dated: 08/06/09

CITIMORTGAGE, INC.

by its attorney,

Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY  12203
Juris No 421261
(518) 456-7200

This is an attempt to collect a debt.  Any information obtained will be used for that purpose. This communication is from a debt collector.

Solomon File 22087270

Return Date:

Docket Number:

```
*****************************************
CITIMORTGAGE, INC.              *    SUPERIOR      COURT
                                *    WATERBURY JUDICIAL
                    Plaintiff   *    DISTRICT
v.                              *    08/06/09
                                *
JACK KLEIN                      *
                                *
                                *
                                *
                    Defendant   *
*****************************************
```

### CERTIFICATION AS TO PLAINTIFF'S FINANCIAL RESPONSIBILITY

I hereby cerify that I have personal knowledge that the Plaintiff
has the financial responsibility that I deem sufficient to cover any
costs that may later be taxed to the Plaintiff if it loses at trial,
pursuant to Connecticut Practice Book Sec. 8-4.

Dated: 08/06/09

_____

Julie B. Solomon
Solomon and Solomon, P.C.

This is an attempt to collect a
debt.  Any information obtained
will be used for that purpose.
This communication is from a debt
collector.

5 Columbia Circle
Albany, NY  12203
Juris No 421261
(518) 456-7200

Exhibit C

DOCKET NO. CV-09-5015402S
*******************************

CITIMORTGAGE, INC.                          SUPERIOR COURT
(Amended: CITIBANK, N.A.)        .          JUDICIAL DISTRICT
                    Plaintiff,              OF WATERBURY
        v.                                  September 23, 2010

JACK KLEIN
                    Defendant.
*******************************

## MOTION TO AMEND CAPTION

Now comes Julie B. Solomon, attorney for Plaintiff, and moves this Court to allow the
Plaintiff to amend the caption to reflect Plaintiff's proper name.  The complaint was filed
using the name Citimortgage, Inc. instead of Citibank, N.A.. Plaintiff's true and correct
name.  Both entities operate under the same entity of Citigroup, Inc.; the officers and the
address are the same.

WHEREFORE, the Plaintiff requests an Order amending the Plaintiff's name to
**Citibank, N.A.**

ORAL ARGUMENT IS NOT REQUESTED
TESTIMONY IS NOT REQUIRED

                            Respectfully submitted,

                            _____
                            Julie B. Solomon
                            Solomon and Solomon, P.C.
                            PO Box 15019
                            Albany, NY 12212-5019
                            (518) 456-7200
                            Firm Juris No. 421261
                            File No. 22087270

## ORDER

The foregoing Motion having been presented and heard by the court, it is hereby
ORDERED: GRANTED/DENIED

      BY THE COURT

_____

## CERTIFICATION

This is to certify that on _September 23, 2010_ a copy of the Motion to Amend
Caption, has been delivered / mailed via U.S. Mail, postage pre-paid to the Defendant's
attorney at:

Guest & Associates
151 New Park Avenue
Hartford, CT 06106

_____
Julie B. Solomon

Exhibit D

Solomon file 22087270

DOCKET NUMBER:  CV-09-5015402S
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CITIIMORTGAGE, INC., | \* |
| | \* |
| Plaintiff, | \* |
| v. | \* |
| | \* |
| JACK KLEIN, | \* |
| | \* |
| Defendant. | \* |

SUPERIOR COURT
JUDICIAL DISTRICT OF
WATERBURY
April 15th, 2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REVISED COMPLAINT

### AS FOR A FIRST CAUSE OF ACTION

1. Plaintiff is a National Banking Association.
2. Defendant resides at 1763 South Britain Road, Southbury, Connecticut 06488.
3. That the Defendant entered into a Promissory Note with Mortgage It, Inc. on March 7, 2007 in the amount of $67,500.00.
4. The Promissory Note was assigned to Citimortgage, Inc by Mortgage It, Inc. (The Promissory Note, bearing the assignment is annexed hereto as Exhibit A)
5. As set forth in the note, the Defendant agreed to repay the $67,500.00, plus interest at 8% per annum in payments of $495.29 for 15 years as well as a balloon payment for any amount remaining at the end of the 15 year term.
6. The Defendant has since failed to make payments as provided in the Promissory Note as Defendant has not made a payment since December 2, 2008, and all sums due under the Promissory Note have been declared due and payable as set forth in paragraph 4C of the Promissory Note. The total balance under said Promissory Note is $66,636.89.
7. No part of the outstanding balance has been paid although duly demanded.

### AS FOR A SECOND CAUSE OF ACTION

8. Plaintiff repeats and realleges paragraphs 1-6 as if fully set forth herein.

9. Pursuant to the Federal Truth in Lending Act ("FTILA"). The Plaintiff mailed to the Defendant periodic statements each month.

10. The periodic statements set forth the prior month's balance, any payments made or credits due, the periodic interest rate and the new balance due.

11. The Defendant failed to object to any of the statements or any charges contained therein within sixty days of receiving the statements.

12. The charges contained in the prior statements are therefore deemed accurate.

13. The balance reflected in the prior statements is therefore due and owing pursuant to Account Stated.

14. Such retention of the statements without objection created an account stated under the above mentioned account number in the amount of $66,636.89.

WHEREFORE, Plaintiff prays for the following relief:

1. Money damages pursuant to the Promissory Note in the sum of $66,636.89, including post judgment interest at the rate of 10%;

2. Money damages pursuant to the account stated $66,636.89, including post judgment interest at the rate of 10%;

3. Costs and disbursements;

4. Such other and further relief as the Court may deem just and equitable.

Citimortgage, Inc.
by its attorney,

Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY 12203
Firm Juris 421261
(518) 456-7200

THIS IS AN ATTEMPT TO COLLECT A
DEBT. ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT
COLLECTOR.

DOCKET NUMBER:  CV-09-5015402S
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CITIIMORTGAGE, INC.,                         \*          SUPERIOR COURT
                                             \*          JUDICIAL DISTRICT OF
                      Plaintiff,             \*          WATERBURY
v.                                           \*          April 15th, 2010
                                             \*
JACK KLEIN,                                  \*
                                             \*
                      Defendant.             \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATEMENT OF AMOUNT IN DEMAND


The amount, legal interest or property in demand is FIFTEEN THOUSAND DOLLARS
OR MORE, exclusive of interest and costs.


Citimortgage, Inc.
by its attorney,


Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
PO Box 15109
Albany, New York 12212-5019
(518) 456-7200
Juris No. 421261


This is an attempt to collect a debt. Any information obtained will be used for that
purpose. This is a communication from a debt collector.

DOCKET NUMBER:  CV-09-5015402S
*************************************

| | | |
|---|---|---|
| CITIIMORTGAGE, INC., | * | SUPERIOR COURT |
| | * | JUDICIAL DISTRICT OF |
| Plaintiff, | * | WATERBURY |
| v. | * | April 15th, 2010 |
| | * | |
| JACK KLEIN, | * | |
| | * | |
| Defendant. | * | |

*************************************

### CERTIFICATION AS TO PLAINTIFF'S FINANCIAL RESPONSIBILITY

I hereby certify that I have personal knowledge that the Plaintiff, Citimortgage, Inc., has the financial responsibility that I deem sufficient to cover any costs that may later be taxed to the Plaintiff if it loses at trial, pursuant to Connecticut Practice Book Sec. 8-4.

Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
PO Box 15109
Albany, New York 12212-5019
(518) 456-7200
Juris No. 421261

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

### **ORDER**

The foregoing motion Objection having been presented and heard by the court, it is hereby ORDERED: SUSTAINED/OVERRULED

_____

BY THE COURT

### **CERTIFICATION**

I hereby certify that a copy of the foregoing Revised Complaint was mailed on April 15th, 2010 to the Defendant's attorney, J. Hanson Guest, at Guest & Associates, Attorneys at Law, 151 New Park Avenue, Hartford, CT 06106.

_____

Attorney for Plaintiff
Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY 12203
Firm Juris No. 421261
(518) 456-7200

771530203
ONT

MIN 100112065738550611
MERS Phone: 1-888-679-6377

## NOTE

LOAN NO.:  40772328

### WITH BALLOON PAYMENT

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

| MARCH 07, 2007 | NEW HAVEN | CONNECTICUT |
|---|---|---|
| *Date* | *City* | *State* |

**1763 SOUTH BRITAIN ROAD, SOUTHBURY, CT 06488**
*Property Address*

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $        67,500.00        (this amount will be called ``principal''), plus interest, to the order of the Lender. The Lender is **MORTGAGEIT, INC.**

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the ``Note Holder.''

### 2. INTEREST

I will pay interest at a yearly rate of        8.000        %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $        495.29        .
I will make my payments on the        1st        day of each month beginning on        MAY, 2007        ,
. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on        APRIL 01, 2022        ,
I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at **GMAC MORTGAGE, LLC**
**P.O. BOX 780, WATERLOO, IA 50704-0780**        or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of        15
calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be
       5.000        % of my overdue payment, but not less than U.S. $        5.00        and not more than
U.S. $        24.76        . I will pay this late charge only once on any late payment.

**(B) Notice from Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 60 days after the date on which the notice is mailed to me or, if it is not mailed, 60 days after the date on which it is delivered to me.

Initials

---

**CONNECTICUT** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3907
Amended 9/90 Modified

V-75(CT) (0205).03 Modified for Balloon        Page 1 of 3        LENDER SUPPORT SYSTEMS INC. 2NDBL-CT.NEW (07/05)

Exhibit E

p01 22087270

**AFFIDAVIT OF DEBT
RE: MOTION FOR DEFAULT
FOR FAILURE TO APPEAR,
JUDGMENT AND ORDER FOR
WEEKLY PAYMENTS**
JD-CV-5Z  Rev. 5-99
P.B. §17-25

**STATE OF CONNECTICUT
SUPERIOR COURT**


COURT USE ONLY
AH

**INSTRUCTIONS**

1. Complete this affidavit and send original with your completed Motion for Default to Appear, Judgment and Order
   for Weekly Payments (JD-CV-49) and Notice of Judgment and Order of Payments (JD-CV-50) to the Clerk's Office.
2. Attach a copy of the contract, lease or other document, if applicable, to the completed affidavit.
3. If interest is being claimed, the period covered and the rate claimed must be stated.
4. If claiming attorney's fees, a copy of the agreement must be attached.
5. Send one copy of the completed Affidavit and Motion to each defendant.

RETURN DATE

DOCKET NO.

## TO: The Superior Court

| COURT | | | | ADDRESS OF COURT (No., street, town, and zip code) |
|---|---|---|---|---|
| X | JUDICIAL DISTRICT | ☐ HOUSING SESSION | ☐ G.A. NO. ____ | 300 Grand Street, Waterbury, CT 06702 |

NAME OF CASE (Plaintiff v. Defendant)
CITIMORTGAGE, INC.                    v.    JACK KLEIN

NAME(S) OF (ALL) DEFENDANT(S) AGAINST WHOM MOTION IS FILED
JACK KLEIN

**AFFIDAVIT OF DEBT**

The undersigned deposes and says that (s)he is the ☐ Plaintiff or ☐ (title) __authorized agent__ of the
Plaintiff and is familiar with the facts stated below. The Defendant(s) is/are indebted to the Plaintiff(s) as follows:

☐ Continuation of this affidavit of debt is attached and made a part hereof.

| SIGNED (Affiant) | PRINT NAME OF AFFIANT Courtney D. Beaver | |
|---|---|---|
| Subscribed and sworn to before me: | SIGNED (Comm. of Sup. Court/Notary) | DATE SIGNED 08/31/09 |

CitiMortgage, Inc.          )
                            )
              Plaintiff,    )
                            )      Case No.
vs.                         )
                            )
Jack Klein,                      )
              Defendant.    )

<u>**AFFIDAVIT**</u>

STATE OF TEXAS          )
                        ) ss.
COUNTY OF DALLAS        )

Before me, the undersigned authority, personally appeared _Courtney D. Beaver_ who being by me duly sworn, deposed as follows:

1. My name is _Courtney D. Beaver_, and I am of sound mind, lawful age, capable of making this Affidavit. The statements set forth in this affidavit are true and correct to the best of my knowledge, information and belief based on either personal knowledge or review of the business records described herein.

2. I am employed by CitiMortgage, Inc. ("CitiMortgage"). My employment duties include being a custodian of records for CitiMortgage with respect to mortgage accounts owned by CitiMortgage. As a custodian of records, I have knowledge of, and access to, relevant financial and account information and records concerning CitiMortgage account number 0771530203 (the "Account"), which is the subject of this lawsuit, including: the name and address of the debtor, the history of all charges representing loans, finance charges, fees imposed; payments made and credits received; the outstanding balance due; that Defendant did execute a Promissory Note on March 7, 2007; that Defendant obtained use of the money loaned in connection with the Account; that Defendant has been provided monthly billing statements describing the amount due; that Defendant did fail to make timely payments on the Account according to the terms of the Promissory Note and as requested on the monthly billing statements; and that Defendant is presently in default of those terms. By virtue of such default the entire balance of $66,636.89 on the Account is presently due and owing.

3. Exhibit A attached hereto is a hard copy print out of the financial information, including the balance owing, residing on the CitiMortgage computer system business records as of the date the account was referred for collection to the attorney maintaining this lawsuit. The balance owing on the date of referral has remained due from and after that date.

4. Demand for payment of the balance owing was made more than thirty (30) days prior to making this Affidavit, after which the attorneys representing

CitiMortgage were retained for the purpose of collecting the delinquent debt owed on the Account.

5. The debt reflected on Exhibit A is delinquent, past due and remains due and owing. CitiMortgage is the party and entity to whom the delinquent debt is owed. There are no set-offs, credits, or allowances due or to become due from CitiMortgage to the defendant, other than those set forth herein or set forth on Exhibit A attached hereto.

6. Defendant has made no claim of being an active member in the military services of the United States or any state thereof, and to the best of my knowledge the Defendant is not an active member in military service. Nor has Defendant requested reduction of the interest rate on this account to 6% pursuant to the Servicemembers Civil Relief Act.

By _Courtney D Beaver_

Name: _Courtney D. Beaver_

Title: _Assistant Vice President_

STATE OF TEXAS        )
                      ) ss.
COUNTY OF DALLAS      )

On this 31st day of _August_, 20_09_, before the undersigned Notary Public in and for the State of Texas, personally appeared _Courtney Beaver_ known to me to be the person who executed the Affidavit on behalf of the above-named Plaintiff, and acknowledged to me that he/she executed the same for the purposes therein stated.

_Amy Roussy_
Notary Public
My commission expires:

AMY ROUSSY
My Commission Expires
July 17, 2013

2

Exhibit F

Our File No. 22087270

DOCKET NUMBER: CV-09-5015402S
*************************************

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | * | SUPERIOR COURT |
| | * | JUDICIAL DISTRICT OF |
| Plaintiff, | * | WATERBURY |
| v. | * | February 8th, 2010 |
| | * | |
| JACK KLEIN, | * | |
| | * | |
| Defendant. | * | |

*************************************

## COVER SHEET: PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

Plaintiff in the above-entitled matter hereby gives notice that Plaintiff has served upon the Defendant, Jack Klein, Plaintiff's Response to Defendant's Request for Admissions by mailing a copy of the same to: J. Hanson Guest, at Guest & Associates, Attorneys at Law, 151 New Park Avenue, Hartford, CT 06106.

Citimortgage, Inc.

_____

Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY 12203
Firm Juris No. 421261
(518) 456-7200

## CERTIFICATION

I hereby certify that a copy of the foregoing Plaintiff's Response to Defendant's Request for Admissions has been mailed on February 10th, 2010 to the following:

J. Hanson Guest
Guest & Associates, Attorneys at Law
151 New Park Avenue
Hartford, CT 06106

Signature: _____
Print Name: Julie B. Solomon

File no. 22087270

DOCKET NUMBER: CV-09-5015402S
*************************************

CITIMORTGAGE, INC.,                          *        SUPERIOR COURT
                                             *        JUDICIAL DISTRICT OF
                        Plaintiff,           *        WATERBURY
v.                                           *        February 8th, 2010
                                             *
JACK KLEIN,                                  *
                                             *
                        Defendant.           *
*************************************

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

1.  Plaintiff does not own the Account.
Response: Denied.

2.  Plaintiff and the Owner of the Account are different persons or entities.
Response: Denied.

3.  The Plaintiff and the Original Creditor are not the same entity.
Response: Admitted.

4.  Plaintiff did not lend its own money to the Defendant.
Response: Denied.

5.  Defendant does not owe Plaintiff any money.
Response: Denied.

6.  Defendant does not have the Account with the Plaintiff.
Response: Denied.

7.  Defendant never had the Account with the Plaintiff.
Response: Denied.

8.  Assuming that Defendant once had the Account with Plaintiff, Defendant no longer
has such Account with the Plaintiff.

Response: Denied.

9.  Plaintiff sold this Account.
Response: Denied.

10. Defendant's Account has been paid in full.

Response: Denied.

11. Partners, associates, or others affiliated with the law firm representing the Plaintiff have acquired: a.) all; b.) a significant portion; or c.) any part of the Account either directly or indirectly.

Response: Denied.

12. The law firm representing the Plaintiff is the actual owner of a.) all, b.) a significant portion, or c.) any part of the Account.

Response: Denied.

13. The law firm representing the Plaintiff, although an owner of part or all of the Account, is using the Plaintiffs name to initiate and prosecute the action.

Response: Denied.

14. Plaintiff changed or altered the terms of the subject Account without obtaining the Defendant's permission.

Response: Denied.

15. Plaintiff changed or altered the terms of the subject Account without obtaining the Defendant's written permission.

Response: Denied.

16. Plaintiff charged fees to the Account that were not a.) authorized by the Defendant or b.) authorized in writing by the Defendant.

Response: Denied.

17. All or part of the Account or alleged obligation has been sold, transferred, traded, or otherwise conveyed to one or more third parties through Securitization.

Response: Denied.

18. The investors in, or other beneficiaries of, the Securitization that contains the Account benefit from the Credit Enhancements of the Securitization.

Response: Denied.

19. Plaintiff has received remuneration or other valuable consideration through the Securitization of the Defendant's Account.

Response: Denied.

20. Payments made by Defendant in respect of the Account have been attributed, or used, to pay the obligations of others.

Response: Denied.

21. Other parties are authorized to make payments required by the Defendant if his payments are delinquent.

Response: Denied

22. Other parties are authorized to pay the full outstanding principal balance of the Defendant if he fails to pay such principal balance.

Response: Denied.

23. The beneficiaries of, and/or investors in, the trust that allegedly holds the Account did not, in making decisions to invest in the trust, rely upon the repayment by Defendant of monies owed by Defendant in respect of the Account.

Response: Denied.

Citimortgage, Inc.
by its attorney,

Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY 12203
Firm Juris No. 421261
(518) 456-7200

THIS IS AN ATTEMPT TO COLLECT A
DEBT.  ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT
COLLECTOR.

DOCKET NUMBER: CV-09-5015402S                                    Our File No. 22087270
*************************************

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | * | SUPERIOR COURT |
| | * | JUDICIAL DISTRICT OF |
| Plaintiff, | * | WATERBURY |
| v. | * | February 8th, 2010 |
| | * | |
| JACK KLEIN, | * | |
| | * | |
| Defendant. | * | |

*************************************

## COVER SHEET: PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

Plaintiff in the above-entitled matter hereby gives notice that Plaintiff has served upon the Defendant, Jack Klein, Plaintiff's Response to Defendant's Request for Production by mailing a copy of the same to: J. Hanson Guest, at Guest & Associates, Attorneys at Law, 151 New Park Avenue, Hartford, CT 06106.

Citimortgage, Inc.

Julie B. Solomon
Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY 12203
Firm Juris No. 421261
(518) 456-7200

## CERTIFICATION

I hereby certify that a copy of the foregoing Plaintiff's Response to Defendant's Request for Production has been mailed on February 10th, 2010 to the following:

J. Hanson Guest
Guest & Associates, Attorneys at Law
151 New Park Avenue
Hartford, CT 06106

Signature:
Print Name:   Julie B. Solomon

File no. 22087270

DOCKET NUMBER: CV-09-5015402S
**************************************

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | * | SUPERIOR COURT |
| | * | JUDICIAL DISTRICT OF |
| Plaintiff, | * | WATERBURY |
| v. | * | February 8th, 2010 |
| | * | |
| JACK KLEIN, | * | |
| | * | |
| Defendant. | * | |

**************************************

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

*1.)* In your responses to question 1 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Note and Mortgage.

*2.)* In your responses to question 2 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 1.

*3.)* In your responses to question 3 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 1.

*4.)* In your responses to question 4 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: Plaintiff will produce.

*5.)* In your responses to question 5 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Collection notes, delinquency notice, accounting detail.

*6.)* In your responses to question 6 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 1.

7.) In your responses to question 7 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

See Response 1.

8.) In your responses to question 8 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Responses 1 and 5.

9.) In your responses to question 9 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 1.

10.) In your responses to question 10 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 5.

11.) In your responses to question 11 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: None in Plaintiff's possession to support a negative, i.e. that its attorney does not own an interest. Plaintiff has produced a copy of the Note as Response 1 to support the fact that it is the owner.

12.) In your responses to question 12 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 11.

13.) In your responses to question 13 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 11.

14.) In your responses to question 14 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 1.

15.) In your responses to question 15 of the interrogatories, please produce each and every document tending to support your responses to the

interrogatory:

Response: N/A.

16. ) In your responses to question 16 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 1.

17.) In your responses to question 17 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: Plaintiff objects to the document requests as it requests documents that are irrelevant to the cause of action herein.

18.) In your responses to question 18 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 17.

19.) In your responses to question 19 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 17.

20.) In your responses to question 20 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 5.

21.) In your responses to question 21 of the interrogatories, please produce each and every document tending to support your responses to the interrogatory:

Response: See Response 1.

22.)    In your responses to question 22 of the interrogatories, please produce each and every document tending to support your responses to the Interrogatory:

Response: See Response 17.

Citimortgage, Inc.
By its attorney,


Julie B. Solomon
Solomon and Solomon, P.C.
P.O. Box 15019
Albany, New York 12212-5019
(518) 456-7200
Juris Number 421261

Exhibit G

Our File No. XX

Return Date:

Docket Number:CV-09-5015402S

```
*************************************        SUPERIOR COURT
CITIMORTGAGE, INC.           .,    *        WATERBURY
                                   *        JUDICIAL DISTRICT
              Plaintiff           *
                                   *
v.                                 *        April 2, 2010
                                   *
JACK KLEIN,                   *
                                   *
              Defendant.      *
*************************************
```

### COVER SHEET: PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR INTERROGATORIES

Plaintiff in the above-entitled matter hereby gives notice that plaintiff has served, upon

the Defendant, Jack Klein, Plaintiff's Response to Defendant's Request for Interrogatories by

mailing a copy of the same to: J. Hanson Guest, 151 New Park Avenue, Hartford, CT 06106

CITIMORTGAGE, INC.
BY:

Julie B. Solomon.
Solomon and Solomon, P.C.
5 Columbia Circle
Albany, NY 12203
Firm Juris No. 421261
(518) 456-7200

### CERTIFICATION

I hereby certify that a copy of the foregoing Plaintiff's Response to Defendant's Request
for Interrogatories has been mailed, on _____ 4/2/10 _____ to the following:

J. Hanson Guest
151 New Park Avenue
Hartford, CT 06106

Signature: _____
Print Name:   Julie B. Solomon

DOCKET NUMBER: CV-09-5015402S

File no. 22087270

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| CITIMORTGAGE, INC., | \* |
| | \* |
| Plaintiff, | \* |
| v. | \* |
| | \* |
| JACK KLEIN, | \* |
| | \* |
| Defendant. | \* |

SUPERIOR COURT
JUDICIAL DISTRICT OF
WATERBURY
_April 2, 2010_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES

1. Does Plaintiff own the referenced Account?

Response: Yes.

    i. Each and every reason for your responses;

    Response: Through endorsement from the original creditor.

    ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

    Response: Wendy Wilson, Assistant Vice President of Citimortgage, Inc.

    iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or ten to contradict, or refutes or tends to refute, your responses.

    Response: Promissory Note and Mortgage and Assignment of Mortgage.

2. Are Plaintiff and the Owner of the Account two different companies?

Response: No.

    i. Each and every reason for your responses;

       Response: Citimortgage, Inc. owns the account.

    ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

       Response:  See Response to 1 ii

    iii. Describe each and every document either (I) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

       Response: See Response 1 iii.

3. Are the Plaintiff and the Original Creditor the same entity?

Response: No.

    i. Each and every reason for your responses;

       Response: The original creditor was MortgageIt

    ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

       Response:  See Response 1 ii

    iii. Describe each and every document either (I) in your possession or control, or (2) which you have authority to obtain, that either (a)

supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

Response: See Response 1 iii.

4. Did Plaintiff lend its own money to the Defendant when advances were made pursuant to the Account?

Response: Yes.

   i. Each and every reason for your responses;

      Response: Plaintiff had to pay the first mortgage holder for the mortgage. The Defendant was to make payments to the Plaintiff.

   ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

      Response: See Response 1 ii

   iii. Describe each and every document either (I) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

      Response: See Response 1 iii

5. Does the Defendant owe Plaintiff any money?

Response: Yes.

   i. Each and every reason for your responses;

Response: The Defendant failed to make the scheduled payments and the loan has not been satisfied in full.

ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

Response: See Response 1 ii

iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

Response: Collection notes, delinquency notice, accounting detail.

6. Does Defendant have an Account with the Plaintiff?

Response: Yes.

i. Each and every reason for your responses;

Response: The Note and Mortgage were endorsed to Plaintiff by the original mortgagee.

ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

Response: See Response 1 i

iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1)

are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

Response: See Response 1 iii.

7. Did Defendant ever have an Account with the Plaintiff?

      i. Each and every reason for your responses;

      Response: Yes.

      ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

      Response:

      iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

      Response: See Response 1 iii.

8. Even if the Defendant once had an Account with Plaintiff, does Defendant still have an Account with the Plaintiff?

Response: Yes.

      i. Each and every reason for your responses;

      Response: The Note has not been satisfied and Plaintiff is still the owner of the Note and Mortgage.

      ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and

address for service of legal process;

Response:

iii. Describe each and every document either (I) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

Response: See Response 1 iii and accounting.

9. Did Plaintiff sell or otherwise transfer the Account?

Response: No.

i. Each and every reason for your responses;

Response: Plaintiff is still the owner and holder.

ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

Response:

iii. Describe each and every document either (I) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

Response: See Response 1 iii.

10. Has the Account been paid in full?

Response: No.

    i. Each and every reason for your responses;

    Response: The Defendant has failed to make regular payments under the note. Defendant's last payment was December 12, 2008.

    ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

    Response: See Response 1 ii

    iii. Describe each and every document either (I) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

    Response: Accounting.

11. Have partners, associates, or others affiliated with the law firm representing Plaintiff in this action, directly or indirectly, acquired a.) all, b.) a significant portion, or c.) any portion of the Account?

Response: No.

    i. Each and every reason for your responses;

    Response: Plaintiff's counsel is representing Citimortgage, Inc. in this action. It has no direct interest in the Note and Mortgage at issue.

    ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

    Response: See Response 1 ii

    iii.   Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or to contradict, or refutes or tends to refute, your responses.

    Response: N/A

12. Does the law firm representing the Plaintiff, own a.) all, b.) a significant portion , c.) or any portion of the Account?

Response: No.

    i. Each and every reason for your responses;

    Response: See Response 11.

    ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including the name, address, title, telephone number, and address for service of legal process;

    Response:  See Response 1 ii

    iii.   Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or ten to contradict, or refutes or tends to refute, your responses.

    Response: See Response 11.

13. Is the law firm using the Plaintiffs name to initiate and prosecute the action although Plaintiff possessed a minimal or no interest in the Account?

Response: No.

i. Each and every reason for your responses;

Response: See Response 11 and Responses 1 and 2.

ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

Response: See Response 1 ii

iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

Response: See Response 1 iii.

14. Has the Plaintiff ever changed and/or altered the terms of the subject Account without obtaining the Defendant's permission?

Response: No.

i. Each and every reason for your responses;

Response: There are no other terms other than as set forth in the Note and Mortgage.

ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

Response: See Response 1 ii

iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must

include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or to contradict, or refutes or tends to refute, your responses.

Response: See Response 1 iii.

15. Has the Plaintiff ever a.) changed, or b.) altered the terms of the subject Account without obtaining the Defendant's written permission?

Response: No.

    i. Each and every reason for your responses;

      Response: See Response 14.

    ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

      Response:  See Response 2 ii

    iii. Describe each and every document either *(1)* in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or to contradict, or refutes or tends to refute, your responses.

      Response:  See Response 1 iii.

16. Has Plaintiff charged fees to the Account that were not a.) authorized by the Defendant, or b.) authorized by in writing by the Defenant?

Response: No.

    i. Each and every reason for your responses;

      Response: See Response 14.

    ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

    Response:

iii.    Describe each and every document either *(1)* in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or to contradict, or refutes or tends to refute, your responses.

    Response:  See Response 1 iii.

17. Has all or part of this Account been a.) sold, b.) transferred, c.) traded, or d.) otherwise exchanged to one or more third parties through Securitization?

Response: No.

    i.  Each and every reason for your responses;

    Response: See Response 14.

    ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

    Response:

iii.    Describe each and every document either *(1)* in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or to contradict, or refutes or tends to refute, your responses.

Response: N/A.

18. Do any or all of: (1) the beneficiaries of, and/or (2) the investors in, the Securitization of the Account benefit from the Credit Enhancements of the Securitization?

Response: Plaintiff objects to this Interrogatory as it is irrelevant to the instant action to the extent that it will not result in information necessary to the prosecution or defense of the case or to the Defendant's liability for an account stated claim owed to Plaintiff.

      i. Each and every reason for your responses;

      Response: This information is non-discoverable as it bears no relationship to the liability in the matter.

      ii. Identify each and every witness who has or may have, or knows or may know, any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

      Response: N/A.

      iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

      Response: N/A.

19. Has the Plaintiff received remuneration in any form for Securitization of the Account?

Response: Plaintiff objects to this Interrogatory as it is irrelevant to the instant action to the extent that it will not result in information necessary to the prosecution or defense of the case or to the Defendant's liability for an account stated claim owed to Plaintiff.

      i. Each and every reason for your responses;

      Response: See Response 18 i.

ii. Identify each and every witness who has or may have, or knows or may any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

Response: N/A.

iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

Response: N/A.

20. Have Payments made by Defendant ever been used to pay the obligations of others?

Response: No.

i. Each and every reason for your responses;

Response: All payments made by Defendant have been applied to Defendant's account.

ii. Identify each and every witness who has or may have, or knows or may any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

Response: See Response 2 ii

iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

Response: Accounting.

21. Are other parties authorized to make: (1) the periodic payments required of, and/or (2) the balance due at maturity, in the event that the Defendant fails to make such periodic payment or balance due by the cutoff date and/or due date?

Response: No.

    i. Each and every reason for your responses;

       Response: This is a non-recourse loan.

    ii. Identify each and every witness who has or may have, or knows or may any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

       Response:  See Response 2 ii

    iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

       Response: Note and Mortgage.

22. Did the beneficiaries of, and/or investors in, the Securitization that holds the Account, in making decisions to invest in the Securitization or Trust, not rely on the Defendant's repayment of monies due under the Account?

Response: Plaintiff objects to this Interrogatory as it is irrelevant to the instant action to the extent that it will not result in information necessary to the prosecution or defense of the case or to the Defendant's liability for an account stated claim owed to Plaintiff.

    i. Each and every reason for your responses;

       Response: See Response 18 i.

ii. Identify each and every witness who has or may have, or knows or may any information that supports, tends to support, contradicts, tends to contradict, refutes or tends to refute any or all of your responses, including name, address, title, telephone number, and address for service of legal process;

Response: See Response 2 ii

iii. Describe each and every document either (1) in your possession or control, or (2) which you have authority to obtain, that either (a) supports or tends to support your responses or (b) contradicts or refutes or tends to contradict your responses. Your answer must include, without limitation, all such documents that you believe or know exist or previously existed, whether or not such documents: (1) are or were in your possession or control, or (2) you had or have authority to obtain them, that supports, tends to support, contradict or tend to contradict, or refutes or tends to refute, your responses.

Response: N/A.

Signed under the pains and penalties of perjury, this 2 day of April , 2010.

By: Wendy Wilson
Title: Assistant Vice-President

STATE OF Maryland     )
COUNTY OF Frederick   ) SS.:

I Wendy Wilson being duly sworn, deposes and says: I am the Assistant Vicent President of the Plaintiff in the within action; I have read the foregoing Affidavit and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true based on the books and records maintained in the files by the Bank.

Signature: _____

Print Name: _Wendy Wilson

Sworn to before me this
2 day of April , 2010
_____
Notary Public

JOYEL MARTIN
MY COMMISSION EXPIRES
JULY 10 2012
FREDERICK COUNTY, MD
NOTARY PUBLIC