**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JACK KLEIN | : | CIVIL ACTION NO. |
| | : | 3:10-cv-01800-WWE |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SOLOMON AND SOLOMON, P.C., | : | |
| and JULIE B. SOLOMON, ESQ. | : | |
| | : | |
| Defendants. | : | NOVEMBER 7, 2011 |

<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION</u>

Pursuant to Local Rule 7(a)1 and 7(c)1, Fed. R. App. P. 4(a)(4)(A)(iv), and Fed. R. Civ. P. 59(e), Plaintiff submits this Memorandum of Law In Support of Motion For Reconsideration ("Memo of Law") filed on 11/7/2011. The Motion for Reconsideration requests that Court reconsider its decision to dismiss Plaintiff's complaint and to close the case on 10/28/2011.

The Plaintiff contends that the Court overlooked certain facts and several applicable controlling legal authorities as discussed below:

1.) At page 4 of the MOD, the court states as a basis for its dismissal of the case, that "...plaintiff does not allege that defendants made a representation or statement that impeded his ability to pay or challenge the debt that he had incurred." However, controlling legal precedent indicates that," ...a complaint should not be dismissed under [Rule 12(b)(6)] unless it appears <u>beyond doubt</u> that the plaintiff can <u>prove no set of facts in support of his claim</u> which would entitle him to relief" *Greco v. Trauner, Cohen &*

*Thomas*, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (Internal Quotes Omitted)(Emphasis Added)

2.) Contrary to the Court's assertion that "plaintiff does not allege that defendants made a representation or statement that impeded his ability to pay or challenge the debt that he had incurred" at page 4 of the MOD, Plaintiff is not required to plead "specific  evidence or extra facts beyond what is needed to make the claim plausible" to survive a CPB §12(b)(6). *Arista Records v. Doe*, 604 F.3d 110 (2010) distinguishing a requirement for factual amplification under *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ross v. Bank of America*, N.A (USA), 524 F.3d 217, 225 (2d Cir. 2008) and clarifying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1944 (2009);

3.) The Court's holding that "[e]ven if a statement is false in some technical sense, it does not violate the statute unless it would mislead the unsophisticated consumer" citing *Hasbrouck v. Arrow Fin. Servs. LLC*, 2011 WL 1899250 (N.D.N.Y. 2011) is inconsistent with Second Circuit jurisprudence, as set forth, *inter alia*, in *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. Conn. 1993 citing *FTC v. Standard Education Soc.*, 302 U.S. 112, 116 (U.S. 1937). Further, see *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. N.Y. 2006) superseded by statute on other grounds.

4.) The Court's holding that "Courts considering a FDCPA violation have looked to whether a statement is materially false or misleading. *Lane v. Fein, Such and Crane*, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011)" at page 3 of MOD is inconsistent with the applicable precedent articulated by the Second Circuit Appellate Court. The Rule in this

circuit is that a statement is not required to be "materially false" to find a Plaintiff liable under 15 USC §1692e et seq.. "Section 1692e establishes a broad ban on all false and misleading means of debt collection" (*Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. Conn. 1993); (No question as to whether the letter was "materially false".)

5.) Contrary to the Court's dependence on *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011), according to the U.S. Supreme Court materiality is not an "ordinary element" of a false statement. (Carter v. United States, 530 U.S. 255, 264-267 (U.S. 2000); *Neder v. United States*, 527 U.S. 1, 20-25 (U.S. 1999), See *United States v. Wells*, 519 U.S. 482, 484, 137 L. Ed. 2d 107, 117 S. Ct. 921 (1997); *United States v. Mandanici*, 205 F.3d 519, 523 (2d Cir. Conn. 2000))

6.) Contrary to the courts holding that:

> "the complaint does not contain any allegations of false representations that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt." Plaintiff argues that defendants' failure to name the Citibank, N.A. as the proper plaintiff caused him harm because he was forced to defend against an improper party. However, plaintiff does not allege that defendants made a representation or statement that impeded his ability to pay or challenge the debt that he had incurred.

The "Least Sophisticated Consumer" standard does not require the Plaintiff to demonstrate that he was mislead or prevented from paying or opposing the debt. *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. N.Y. 2008).

7.) Contrary to the Court's holding that "the allegations of the complaint describe procedural defects in connection with state court litigation", there is no "procedural defect"

exception under the FDCPA. Communications from Debt Collectors or Debt Collectors who happen to be Attorneys are covered by the FDCPA without regard to whether the communication is made during the course of litigation or not. (*Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. N.Y. 2006) superseded by statute on other grounds).

8.) The Court failed to recognize that the Plaintiff alleged that the Defendants were in violation of a Court Order regarding discovery which is a per se violation of the FDCPA. (See complaint at paragraphs 50 – 78).

Plaintiff provides further support for these positions below.

Relevant History

1. On 11/15/2010, Plaintiff brought this action;

2. On 5/31/2011, Defendants Solomon and Solomon and Julie Solomon filed a Motion To Dismiss the complaint;

3. On 8/19/2011, Plaintiff filed a Memorandum in Opposition To Motion To Dismiss;

4. On 9/30/2011, the Defendants filed a Reply To Opposition To Motion To Dismiss;

5. On 10/28/2011, the Court filed a Memorandum of Decision on Motion To Dismiss granting the Defendant's Motion To Dismiss;

6. On 11/3/2011, The Court's Memorandum of Decision was entered and served via email to the parties;

7. On 11/7/2011, the Plaintiff filed a Motion To Reconsider.

Factual and Legal Argument

The Plaintiff asserts that the Court has overlooked binding legal authority and certain factual allegations. Based on Plaintiff's claim, the Plaintiff has motioned the Court to seek to have the Court reconsider its decision to grant the Defendant's Motion To Dismiss.

The Plaintiff demonstrates eight different areas of departure from controlling legal authority or overlooked facts. Those eight different areas are:

1.) A complaint should not be dismissed under [Rule 12(b)(6)] unless it appears <u>beyond doubt</u> that the plaintiff can <u>prove no set of facts in support of his claim</u> which would entitle him to relief;

2.) Plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible" to survive a CPB §12(b)(6);

3.) False Statements always violate the FDCPA;

4.) A statement is not required to be "materially false" to find a Plaintiff liable under 15 USC §1692e et seq. Materiality is not an "ordinary element" of a false statement.

5.) The "Least Sophisticated Consumer" standard does not require the Plaintiff to demonstrate that he was mislead or prevented from paying or opposing the debt. *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. N.Y. 2008).

6.) The Court failed to recognize that the Plaintiff had alleged in his complaint that the Defendants were in violation of a Court Order regarding discovery: a per se violation of the FDCPA (See complaint at paragraphs 50 – 78).

7.) There is no "procedural defect" exception under the FDCPA. Communications from Debt Collectors or Debt Collectors who happen to be Attorneys are covered by the FDCPA

without regard to whether the communication is made during the course of litigation or not.

Standard of Review

A court should reconsider its ruling where the Court has overlooked binding legal authority or factual allegations that would make a difference in its decision. "The threshold for prevailing on a motion for reconsideration is high. Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. In addition, a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Nakshin v. Holder*, 360 Fed. Appx. 192 (2d Cir. N.Y. 2010) (Internal Quotes Omitted)(Internal Citations Omitted).

Binding Legal Authority is Second Circuit precedent or Supreme Court precedent that is directly on point with the decision to be made by the District Court. "…[I]t is not this court's prerogative to ignore Second Circuit precedent that is directly on point in an effort to correctly guess how that court will react to new language found in a Supreme Court case ruling on a similar, but not identical, issue. See, e.g., United States v. Quinones, 313 F.3d 49, 69 (2d Cir. 2002) (noting that a court of appeals must follow Supreme Court precedent that is directly on point, unless and until the Court reinterprets its own binding precedent)" *Peck v. Aetna Life Ins. Co.*, 2005 U.S. Dist. LEXIS 35605, 11-13 (D. Conn. July 19, 2005).

Where the Supreme Court has a case that is directly on point, the Second Circuit should follow the case that directly controls. "…[T]he Supreme Court has expressly mandated that HN15"if a precedent of this Court has direct application in a case . . . the Court of Appeals

6

should follow the case which directly controls, leaving to this Court the prerogative of overruling

its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 104

L. Ed. 2d 526, 109 S. Ct. 1917 (1989); see also *Agostini v. Felton*, 521 U.S. 203, 238, 138 L. Ed.

2d 391, 117 S. Ct. 1997 (1997) (holding that lower courts must follow Supreme Court case law

"unless and until this Court reinterprets the binding precedent")." United States v. Quinones, 313

F.3d 49, 69 (2d Cir. 2002)

As stated more succinctly in *Agostini v. Felton*, 521 U.S. 203, 237-238 (U.S. 1997):

> We do not acknowledge, and we do not hold, that other courts should
> conclude our more recent cases have, by implication, overruled an earlier
> precedent. We reaffirm that "if a precedent of this Court has direct application in a
> case, yet appears to rest on reasons rejected in some other line of decisions, the
> Court of Appeals should follow the case which directly controls, leaving to this
> Court the prerogative of overruling its own decisions." Rodriguez de Quijas, 490
> U.S. at 484.

Adherence to this teaching by the District Court and Court of Appeals in this case does not

insulate a legal principle on which they relied from our review to determine  its continued

vitality. The trial court acted within its discretion in entertaining the motion with supporting

allegations, but it was also correct to recognize that the motion had to be denied unless and until

this Court reinterpreted the binding precedent.

<u>Law And Argument</u>

The Court dismissed the Plaintiff's case based on the claim that:

> In this instance, the allegations of the complaint describe procedural defects in
> connection with state court litigation. However, the complaint does not contain any
> allegations of false representations that could be construed as material so as to mislead
> plaintiff in his repayment of or challenge to the debt. Plaintiff argues that defendants'
> failure to name the Citibank, N.A. as the proper plaintiff caused him harm because he

was forced to defend against an improper party. However, plaintiff does not allege that defendants made a representation or statement that impeded his ability to pay or challenge the debt that he had incurred. Accordingly, the motion to dismiss will be granted.

Memo of Decision at 3 - 4

The Court's findings clearly conflict with the case law and the facts as shown below.

## A Complaint Should Not Be Dismissed Under [Rule 12(B)(6)] Unless It Appears <u>Beyond Doubt</u> That The Plaintiff Can <u>Prove No Set Of Facts In Support Of His Claim</u> Which Would Entitle Him To Relief

While the Court's decision does not address this principle, it is axiomatic that the Court should not deny a party a right to replead if the party appears to have a plausible cause insufficiently plead. "A complaint should not be dismissed under [Rule 12(b)(6)] unless it appears <u>beyond doubt</u> that the plaintiff can <u>prove no set of facts in support of his claim</u> which would entitle him to relief" *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005). This concept stems from several sources, but mainly from the principle that in a Motion To Dismiss, the Plaintiff is granted all reasonable inferences to preserve his claim. Further, under Fed. R. Civ. P. Rule 8(a)(2), the Plaintiff is only required to " a short and plain statement of the claim showing that the pleader is entitled to relief". The Court's responsibility when considering whether to dismiss is not to assess the probability of success of the Plaintiff's claim, but merely the plausibility of the Plaintiff's claim. *Arista Records v. Doe*, 604 F.3d 110 (2010). Any factual disputes or issues must be resolved in favor of the Plaintiff.

In this case, the Court found that "Attorney Solomon deleted the false allegation" at 2. The Court further found that the Defendant Solomon filed a Motion for Default which attached an affidavit

alleged that Citimortgage was retained to collect the debt, then Defendant Solomon later stated Citimortgage owned the debt, then Solomon filed a Motion To Amend the caption to allege that Citibank,NA was the proper party at 1. The Plaintiff claims that he was injured by Solomon's false statements. Certainly, the Court could infer and a set of facts could be proved that the Plaintiff the misstatements were materially false as they "influence [a] consumer's decision or ability to pay or challenge a debt" *Hasbrouck v. Arrow Fin. Servs. LLC*, 2011 WL 1899250 (N.D.N.Y.) Hence, pursuant to *Greco v. Trauner, Cohen & Thomas, supra* and *Arista Records, supra*, which are both binding legal authority in this circuit and as no Supreme Court case is directly on point, the Court should reconsider its decision to dismiss the Plaintiff's case.

### Plaintiff Is Not Required To Plead "Specific  Evidence  Or Extra Facts Beyond What Is Needed To Make The Claim Plausible" To Survive A Fed. R. Civ. P. 12(b)(6) Motion

Supreme Court precedents *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1944 (2009) have confused some courts regarding whether a heightened or amplified pleading standard is required. Courts have grappled with Rule 8(a)(2), Rule 9(b), and *Twombly* and *Iqbal*. Hence, those *Twombly* and *Iqbal* are not binding legal authority when they are not directly on point. *Quinones, supra* and *Agostini*, *supra*.  They merely serve as guides for the Second Circuit Court of Appeals until new decisions are produced which clarify and solidify the Supreme Court's intent. Many cases have been dismissed pursuant to Fed. R. Civ. P. 12(b)(6), based on this confusion. Since they have been enacted, however, the Second Circuit has release several binding decisions that have helped to clarify the requirements on the District Court's evaluating the substance of complaints in the face of a Fed. R. Civ. P. 12(b)(6) motion. The *Arista Records* case is one such case. The *Arista Records* case makes clear that Twombly and Iqbal did not change the prior pleading requirements under Rule 8(a)(2). They

just brought them into greater focus. The Second Circuit in the *Arista Records* case states the following:

(id. at 28). Neither Doe 3's reliance on Twombly/Iqbal nor his contention that plaintiffs' allegations are insufficiently specific has merit.

First, the notion that Twombly imposed a heightened standard that requires a complaint to include specific evidence, factual allegations in addition to those required by Rule 8, and declarations from the persons who collected the evidence is belied by the Twombly opinion itself. The Court noted that Rule 8(a) (2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests, " Twombly, 550 U.S. at 555 (other internal quotation marks omitted); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 512, 122 S. Ct. 992, 152 [*120] L. Ed. 2d 1 (2002) (holding that, at the pleading stage, an employment discrimination plaintiff who alleges facts that provide fair [**23] notice of his claim need not also allege "specific facts establishing a prima facie case," for such a "heightened pleading standard . . . conflicts with Federal Rule of Civil Procedure 8(a) (2)"). The Twombly Court stated that "a complaint attacked by a Rule 12 (b) (6) motion to dismiss does not need detailed factual allegations," but mere "labels and conclusions" or "formulaic recitation [s] of the elements of a cause of action will not do"; rather, the complaint's "[f] actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (emphasis added), i.e., enough to make the claim "plausible," id. at 570. Applying these standards to the complaint before it, which claimed violations of § 1 of the Sherman Act, 15 U.S.C. § 1 (prohibiting contracts, combinations, and conspiracies in restraint of trade), the Twombly Court concluded that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." 550 U.S. at 556 (emphasis added). Because the Twombly complaint's factual allegations described only actions that were parallel, and were doctrinally consistent with lawful conduct, [**24] the conclusory allegation on information and belief that the observed conduct was the product of an unlawful agreement was insufficient to make the claim plausible. See id. at 556-57, 564-66. The Twombly plausibility standard, which applies to all civil actions, see Iqbal, 129 S. Ct. at 1953, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief'" where the facts are peculiarly within the possession and control of the defendant, see, e.g., Boykin v. KeyCorp, 521 F.3d 202, 215 (2d Cir. 2008), or where the belief is based on factual information that makes the inference of culpability plausible, see Iqbal, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Twombly Court stated that " [a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." 550 U.S. at 556.

Concluding that the complaint before it failed to state a plausible  [**25] claim, the Twombly Court stated that "[i]n reaching this conclusion, we do not apply any 'heightened' pleading standard," id. at 569 n.14 (emphasis added). Rather, it emphasized that its holding was consistent with its ruling in Swierkiewicz that "a heightened pleading requirement," requiring the pleading of "'specific facts' beyond those necessary to state [a] claim and the grounds showing entitlement to relief," was "impermissibl[e]," Twombly, 550 U.S. at 570. "Here," the Twombly Court stated, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. (emphasis added).

Nor did Iqbal heighten the pleading requirements. Rather, it reiterated much of the discussion in Twombly and rejected as insufficient a pleading that the Iqbal Court regarded as entirely conclusory. Accordingly, although Twombly and Iqbal require "'factual amplification [where] needed to render a claim plausible,'" Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009) (quoting Ross v. Bank of America, N.A (USA), 524 F.3d 217, 225 (2d Cir. 2008)), we reject Doe 3's contention that Twombly and Iqbal require the pleading of specific  [*121]  evidence  [**26] or extra facts beyond what is needed to make the claim plausible.

It is clear that in this circuit all that is required to allow a complaint to survive a 12(b)(6) motion is plausibility. As discussed above, this Court in its MOD that the Defendants provided false statements, the Defendants violated a Court order for discovery, and Defendants brought and prosecuted a foreclosure action in the wrong name. Further, Plaintiff alleged that he suffered damages based on Defendant's actions. Plaintiff described how he was damaged. Plaintiff alleged that he was damaged in defending the action. Certainly, it is plausible that the Plaintiff was influenced by Defendants' statements and actions and that such statements and actions caused the injury he claims.

The binding legal authority in this circuit is *Arista Records*, which does not "require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible."

**False Statements Always Violate The FDCPA (15 USC §1692e)**

Binding case law is clear that false statements made during the collection of a debt by a debt collector subject to the FDCPA always violates 15 USC §1692e. "[I]t should be emphasized that the use of *any* false, deceptive, or misleading representation in a collection letter violates § 1692e" (Emphasis in the Original) *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. Conn. 1993 citing *FTC v. Standard Education Soc.*, 302 U.S. 112, 116 (U.S. 1937). The act is violated if a debt collectors representations are (a) false or (b) deceptive or (c) misleading. The statute is plain and unambiguous.

This Court add conditions to the statute that does not exist using case law that is not binding legal authority in this circuit. The Court in its Memo of Decision states as follows:

> Even if a statement is false in some technical sense, it does not violate the statute unless it would mislead the unsophisticated consumer. Hasbrouck v. Arrow Fin. Servs. LLC, 2011 WL 1899250, *3 (N.D.N.Y. 2011). Courts considering a FDCPA violation have looked to whether a statement is materially false or misleading. Lane v. Fein, Such and Crane, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011). Statements are materially false and misleading if they influence a consumer's decision or ability to pay or challenge a debt. Hasbrouck, 2011 WL 1899250, at *4.

However, the plain and unambiguous language makes its interpretation in escapable. False statements are just that false. The application of the Least Sophisticated Consumer standard applies only to deceptive or misleading statements.

As binding legal authority in this circuit commands in *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2d Cir. N.Y. 2011), "Where, as here, we are called upon to interpret the meaning of a federal statute, "we look first to the language of the statute itself." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 290 (2d Cir. 2002). "When the language of a statute is unambiguous, 'judicial inquiry is complete.'" Id. (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254, 112

S. Ct. 1146, 117 L. Ed. 2d 391 (1992) Nat'l Bank v. Germain, 503 U.S. 249, 254, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992))

The Court applies a standard that does that does not appear in the statute. The Court claims a false statement must mislead or deceive the Least Sophisticated Consumer to be actionable under the statute. The Court equates false with misleading or deceptive. However, such a reading would render the word false in the statute superfluous.  "[C]ourts should disfavor interpretations of statutes that render language superfluous." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992). Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 231 (4th Cir. Md. 2007). As further articulated in *Germain*, "…[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, e. g., *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241-242, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989); *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-254 (U.S. 1992)  As stated with continuous continuity in *Jimenez v. Quarterman*, 555 U.S. 113, 118 (U.S. 2009), "As with any question of statutory interpretation, our analysis begins with the plain language of the statute." Lamie v. United States Trustee, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004). "It is well established that, when the statutory language is plain, we must enforce it according to its terms." See, e.g., Dodd v. United States, 545 U.S. 353, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005);

However, in the Second Circuit, the cases cited by the Court for this proposition are not binding legal authority. Binding legal authority on the subject are *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. Conn. 1993 citing *FTC v. Standard Education Soc.*, 302 U.S. 112, 116 (U.S. 1937) and

*Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. N.Y. 2006) superceded by statute on other grounds.

In *Clomon*, the Second Circuit is clear false statements are not allowed under the FDCPA. The *Clomon* court states:

> The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law. More than fifty years ago, the Supreme Court noted that
>
> the fact that a false statement [**10]  may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he transacts business. Laws are made to protect the trusting as well as the suspicious.

The Supreme Court referred to by the *Clomon* court was the *FTC v. Standard Education Soc.* court who further articulated the principle regarding false statements. The *FTC* court stated that "To fail to prohibit such evil practices would be to elevate deception in business and to give to it the standing and dignity of truth."

In *Clomon*, the Attorney sent letters that he had no participation in, but more importantly he made false statements regarding his activities which were not true. "[I]t should be emphasized that the use of *any* false, deceptive, or misleading representation in a collection letter violates § 1692e" (Emphasis in the Original) *Clomon, supra.* The Court found that his statements were false without regard to the least sophisticated consumer standard.

The Least Sophisticated Consumer standard was adopted based on the evolving recognition of the power of words to deceive. "This basic principle of consumer-protection law took on its

modern formulation several years later, when we held that "in evaluating the tendency of language to deceive, the [Federal Trade] Commission should look not to the most sophisticated readers but rather to the least." *Exposition Press, Inc. v. Federal Trade Commission*, 295 F.2d 869, 872 (2d Cir. 1961). In recent years, as courts have incorporated the jurisprudence of the FTC Act into their interpretations of the FDCPA, the language of Exposition Press has gradually evolved into what we now know as the least-sophisticated-consumer standard. See, e.g., Jeter, 760 F.2d at 1174-75; Baker, 677 F.2d at 778." Clomon, supra.

The jurisprudence of the Second Circuit with respect to the FDCPA is that False statements have always been prohibited whether or not the deceived or mislead the least sophisticated consumer. However, additional standards have been determined in order to evaluate to determine if the conduct of the offender is "misleading" or "deceptive". The evolving standard that some in the Debt Collection Bar have articulated  would require Courts to condone false affidavits used to take property from old ladies and children, because their counsel failed to articulate how they were personally affected by the false statements used to deprive them of their property.

**A Statement Is Not Required To Be "Materially false" To Find A Plaintiff Liable Under 15 USC §1692e Et Seq.**

This court stated in is MOD at 3 that "Courts considering a FDCPA violation have looked to whether a statement is materially false or misleading. Lane v. Fein, Such and Crane, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011)". However, a statement is not required to be "materially false" to find a Plaintiff liable under 15 USC §1692e et seq. "Section 1692e establishes a broad

ban on all false and misleading means of debt collection" (*Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. Conn. 1993).

In fact, it appears that multiple Courts are the victim of case law stemming from a statement made by District Court Judge Easterbrook in *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-758 (7th Cir. Ill. 2009) that "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement". This court cites *Lane v. Fein, Such and Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011) which cite *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-758 (7th Cir. Ill. 2009) and *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596-597 (6th Cir. Ohio 2009) (which also cites Hahn). However, Hahn cites *Carter v. United States*, 530 U.S. 255, 120 S. Ct. 2159, 147 L. Ed. 2d 203 (2000) and *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). In Hahn, the Court states:

> Materiality is an ordinary element of any federal claim based on a false or misleading statement. See Carter v. United States, 530 U.S. 255, 120 S. Ct. 2159, 147 L. Ed. 2d 203 (2000); Neder v. United States, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999).
>
> We do not see any reason why materiality should not equally be required in [**6] an action based on HN6§1692e.

In *Miller v. Javitch, Block & Rathbone*, the Court citing *Hahn* stated:

> We also reject Miller's claim on materiality grounds. Writing for the Seventh Circuit, Judge Easterbrook recently observed that "HN11[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement." Hahn v. Triumph P'ships LLC, 557 F.3d 755, 2009 U.S. App. LEXIS 5113, 2009 WL 529562, at *2 (7th Cir. Mar. 4, 2009) (citing Carter v. United States, 530 U.S. 255, 120 S. Ct. 2159, 147 L. Ed. 2d 203 (2000); Neder v. United States, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)). Seeing no "reason why materiality should not equally be required in an action based on § 1692e," Judge Easterbrook found a statement "false in some technical sense" immaterial. Id. (quoting Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 2009 WL 426055, at *3 (7th Cir. Feb. 23, 2009)). "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." Id. We agree. Miller, [***12] along with the

dissent, relies on a too technical reading of the [*597] complaint. Appraising the complaint in a common sense way convinces us that, just as Miller "pretty much" understood JBR's language, so too would the least-sophisticated consumer.
Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596-597 (6th Cir. Ohio 2009)

Neither case holds for the proposition that materiality is an ordinary element of false statements. In fact, both hold for the exactly the opposite proposition. They both cite *Wells*, supra. for the proposition that materiality is not an element necessary to an action that contains a false statement as a necessary element.

In fact, the entire premise that materiality is ordinary element of false statements was completely debunked in *Wells*.

The *Carter* court stated:

> "Fundamentally, we disagree with our colleague's apparent view that any term that is an element [***214] of a common-law crime carries with it every other aspect of that common-law crime when the term is used in a statute. JUSTICE STEVENS seems to assume that because 'false statement' is an element of perjury, and perjury criminalizes only material statements, a statute criminalizing 'false statements' covers only material statements. By a parity of reasoning, because common-law perjury involved statements under oath, a statute criminalizing a false statement would reach only statements under oath. It is impossible to believe that Congress intended to impose such restrictions sub silentio, however, and so our rule on imputing common-law meaning to statutory terms does not sweep so broadly." 519 U.S. at 492, n. 10 (emphasis added; citation omitted). n4

The *Wells* Court states:

> We accordingly consider whether materiality of falsehood is an element under § 1014, understanding the term in question to mean "having a natural tendency to influence, or [being] capable of influencing, the decision of the decisionmaking body to which it was addressed," Kungys v. United States, 485 U.S. 759, 770, 99 L. Ed. 2d 839, 108 S. Ct. 1537 (1988) (internal quotation marks [*490] omitted); see also United States v. Gaudin, 515 U.S. at 509.7 We begin with the text. See Community for Creative Non-

Violence v. Reid, 490 U.S. 730, 739, 104 L. Ed. 2d 811, 109 S. Ct. 2166 (1989).[HN5] Section 1014 criminalizes "knowingly making any false statement or report . . . for the purpose of influencing in any way the action" of a Federal Deposit Insurance Corporation (FDIC) insured bank "upon any [**927] application, advance, . . . commitment, or loan." 18 U.S.C. § 1014. Nowhere does it further say that a material fact must be the subject of the false statement or so much as mention materiality. 8 To the contrary, its terms cover "any" false statement that meets the other requirements in the statute, and the term "false statement" carries no general suggestion of influential significance, see Kungys v. United States, supra, at 781; cf. Kay v. United States, 303 U.S. 1, 5-6, 82 L. Ed. 607, 58 S. Ct. 468 (1938).

Further, binding precedent in this Circuit has found that materiality is not an element of false statements. In *United States v. Mandanici*, 205 F.3d 519, 523 (2d Cir. Conn. 2000), the second circuit citing *Wells* stated:

> Other issues concerning materiality surfaced at trial. At the time of Mandanici's trial, there was a circuit split with respect to whether materiality was an element of making false statements to a federally insured bank in violation of § 1014, compare, e.g., United States v. Bonnette, 663 F.2d 495, 497 (4th Cir. 1981) (holding that materiality is an element under § 1014), with United States v. Cleary, 565 F.2d 43, 46 (2d Cir. 1977) (holding that it is not), but it was not a required element within this Circuit, see Cleary, 565 F.2d at 46. Nevertheless, the parties at Mandanici's trial and Judge Zampano apparently believed that materiality was an element under § 1014, and Judge Zampano charged the jury to that effect with respect to count four. In 1997, the Supreme Court resolved the circuit split on this issue, holding that materiality is not an element under § 1014. See United States v. Wells, 519 U.S. 482, 484, 137 L. Ed. 2d 107, 117 S. Ct. 921 (1997) [**8]

Hence, materiality is not an element of a false statement. Its just not and it never has been in the Second Circuit.

**The "Least Sophisticated Consumer" Standard Does Not Require The Plaintiff To Demonstrate That He Was Mislead Or Prevented From Paying Or Opposing The Debt.**

The Court holds in is MOD at 3 - 4 that "the complaint does not contain any allegations of false representations that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt. Plaintiff argues that defendants' failure to name the Citibank, N.A. as the proper plaintiff caused him harm because he was forced to defend against an improper party.

However, plaintiff does not allege that defendants made a representation or statement that

impeded his ability to pay or challenge the debt that he had incurred". However, the "Least

Sophisticated Consumer" standard does not require the Plaintiff to demonstrate that he was

mislead or prevented from paying or opposing the debt. *Jacobson v. Healthcare Fin. Servs.*, 516

F.3d 85, 91 (2d Cir. N.Y. 2008) Again as in *Carter* and *Wells*, the case law is exactly opposite. In

fact, *Jacobson,* as binding legal authority in this circuit holds that:

> In the event of a transgression, the FDCPA provides for enforcement by the Federal Trade
> Commission and by other administrative agencies. *15 U.S.C. § 1692l.* But it also grants a private
> right of action to a consumer who receives a communication that violates the Act. *Id. § 1692k.* In
> addition to compensatory damages, *id. § 1692k(a)(1)*, the Act empowers district courts to award
> "additional damages" of up to $ 1,000 per consumer, *id.. § 1692k(a)(2)(A)*, and mandates the
> award of attorneys' fees to successful plaintiffs. *Id. § 1692k(a)(3).* In order to prevail, it is not
> necessary for a plaintiff to show that she herself was confused by the communication she
> received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would
> be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson
> [7] as "private attorneys general" to aid their less sophisticated counterparts, who are unlikely
> themselves to bring suit under the Act, but who are assumed by the Act to benefit from the
> deterrent effect of civil  **[\*\*12]** actions brought by others.

Hence, even if the Court were seeking to determine if the statements made by Solomon were

misleading or deceptive and not just false, the Lease Sophisticated Consumer standard would

apply to the Hypothetical consumer and not the Plaintiff. However, in this case, the Plaintiff

sustains his burden by demonstrating that the statements are false. In either case, the Court

should reconsider its decision.

**Communications From Debt Collectors Or Debt Collectors Who Happen To Be Attorneys
Are Covered By The FDCPA Without Regard To Whether The Communication Is Made
During The Course Of Litigation Or Not**

The FDCPA is very clear that legal pleadings are communications under the act. According to

Goldman v. Cohen, 445 F.3d 152, 155 (2d Cir. N.Y. 2006 superceded by statute on other

grounds):

Upon our review of the record, we hold that consumer debt collector's initiation of a lawsuit in state court seeking recovery of unpaid consumer debts is an "initial communication" within the meaning of the FDCPA. Our conclusion is based on several considerations. First, the plain language of the FDCPA broadly defines "[t]he term 'communication' [as] the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2) (emphasis added). "The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce [**7] a result demonstrably at odds with the intentions of its drafters." United States v. Ron Pair Enters., Inc. 489 U.S. 235, 242, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989) (internal quotation marks and brackets omitted). Here, the plain meaning of the FDCPA is entirely consistent with Congress's goal of preventing what it characterized as "serious and widespread" debt collection abuses. See Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996) (citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 1977, reprinted in 1977 U.S.C.C.A.N. 1695, 1697). Indeed, any construction of the FDCPA that exempted state legal proceedings from the definition of "initial communication" would permit debt collectors to avoid the validation notice requirements of the statute simply by collecting debts through the medium of litigation.

Clearly, attorney debt collectors communications are no different than other communications by other debt collectors. However, Debt Collectors who happen to be attorneys attempt to seek immunity from their misdeeds by claiming that their actions are protected or in some way "procedural defects". They are not. If the statement is false, it is false. If the statement is misleading or deceptive, it is misleading or deceptive. In fact, if a Debt Collector who happened to be an attorney were able to find safe harbor through the shield of litigation, the FDCPA would be gutted. All creditors would just use attorneys and significantly more collections would occur through litigation. The FDCPA, however, preempts such application of the law or the creation of laws that would allow such a safe harbor. Under 15 USC §1692n, the FDPCA states

This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title.

Hence, debt collectors are merely debt collectors whether attorneys or not. Further, the FDCPA specifically determines which communications are covered under its umbrella.

**The Court Failed To Recognize That The Plaintiff Alleged That The Defendants Were In Violation Of A Court Order Regarding Discovery Which Is A Per Se Violation Of The FDCPA**

Finally, although the Court recognized that the Plaintiff alleged that the Defendant Solomon failed to answer certain discovery questions, the Court failed to consider that Defendant Solomon was required by Court order answer certain discovery and to answer without objection. She had violated a court order and blocked the Plaintiff from receiving the discovery he needed to prosecute his case. Certainly her conduct violates the FDCPA 15 USC §1692 e, f, or g.

Conclusion

Plaintiff has demonstrated that the court has ample grounds to consider his Motion To Reconsider.

Based on the foregoing, Plaintiff moves that his Objection be sustained.

The Plaintiff, Jack Klein,

By:   /s/ J. Hanson Guest
                J. Hanson Guest, Esq. (ct28167)
                Counsel to Plaintiff
                151 New Park Avenue
                Hartford, CT 06106
                (860) 231-6250 phone
                (860) 231-6252 fax
                hguest@guest-associates.com

## CERTIFICATION

I hereby certify that on November 7, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: ___/s/ J. Hanson Guest___

J. Hanson Guest, Esq. (ct28167)
Counsel to Plaintiff
151 New Park Avenue
Hartford, CT 06106
(860) 231-6250 phone
(860) 231-6252 fax
hguest@guest-associates.com